FREDERICKA HOMBERG WICKER, Judge.
| ^Defendant, Timmie Reed, appeals his convictions and sentences for manslaughter in violation of La. R.S. 14:31 and attempted second degree murder in violation of La. R.S. 14:27:30.1. Defendant’s appointed counsel has filed an appellate brief pursuant to Anders v. California[1] and has further filed a motion to withdraw as counsel of record. For the following reasons, we affirm defendant’s convictions and sentences and grant counsel’s motion to withdraw.

STATEMENT OF THE CASE

On June 6, 2013, a Jefferson Parish Grand Jury indicted defendant with second degree murder of a known juvenile in violation of La. R.S. 14:30.1 (count one) and attempted second degree murder of L.B.[2] in violation of La. R.S. 14:271 aand La. R.S. 14:30.1 (count two). On June 7, 2013, defendant was arraigned and pled not guilty to the charges.
On April 14, 2014, defendant proceeded to trial. However, following two days of jury selection, defendant withdrew his not guilty pleas and pled guilty to the lesser offense of manslaughter in violation of La. R.S. 14:31 as to count one and to attempted second degree murder as charged as to count two. The trial judge sentenced defendant pursuant to the plea agreement to consecutive sentences of forty years at hard labor without the benefit of probation or suspension of sentence as to count one *859 and to fifty years at hard labor without the benefit of probation, parole, or suspension of sentence as to count two. On June 19, 2014, the trial judge granted defendant’s timely pro se motion for appeal and appointed the Louisiana Appellate Project to represent defendant in this appeal.

FACTS

Defendant pled guilty without proceeding to a full trial. During the guilty plea colloquy, defendant admitted his guilt and stated that he did in fact commit manslaughter of the known juvenile, D.B.[3], on February 12, 2013, and the attempted murder of the juvenile’s mother, L.B., on February 13, 2013.

DISCUSSION

Under the procedure set forth in State v. Benjamin, 573 So.2d 528, 530 (La.App. 4 Cir.1990), defendant’s appointed appellate counsel has filed an Anders brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241, 242 (per curiam), asserting that she has thoroughly reviewed the trial court record and could find no non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests to withdraw as counsel of record.
|4In Anders, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds the case to be wholly frivolous after a conscientious examination of it. In State v. Jyles, the Louisiana Supreme Court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” Jyles, 704 So.2d at 241. An appellate court must conduct an independent review of the trial court record to determine whether the appeal is wholly frivolous. “When counsel files an Anders brief, an appellate court reviews several items': a) the Bill of Information to ensure that the charge is proper, b) all minute entries to ensure that defendant was present at all crucial stages of the prosecution, c) all pleadings in the record, and d) all transcripts to determine whether any ruling of the trial court provides a basis for appeal.” State v. Dufrene, 07-823 (La.App. 5 Cir. 2/19/08), 980 So.2d 31, 33.
If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a fcrief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. Id.
In this case, appointed appellate counsel’s brief demonstrates that after a detailed review of the record, counsel could find no non-frivolous issues to raise on appeal. The state agrees and urges this Court to grant defense counsel’s request to withdraw as counsel of record. An independent review of the record supports counsel’s assertion that there are no non-frivolous issues for appeal.
|KFirst, the bill of information properly sets forth the offenses charged and presents no non-frivolous issues for appeal. The bill of information plainly, concisely, and definitely states the essential facts *860 constituting the offenses charged as well as sufficiently identifies defendant. See also generally La.C.Cr.P. arts. 464-466.
Second, the minute entries and commitment reflect that defendant appeared at each stage of the proceedings against him, including his arraignment, his guilty plea proceedings, and sentencing.[4]
Further, defendant’s guilty plea agreement does not present any issues for appeal. If a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, which precludes review of such defects either by appeal or post-conviction relief. State v. Wingerter, 05-697 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664. Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. State v. McCoil, 05-658 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin[5] colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. McCoil, supra.
The record reflects that defendant was aware of the offenses to which he pled guilty. Defendant was properly advised of his Boykin rights through a written waiver of rights form as well as through defendant’s guilty plea colloquy with the trial judge. Defendant was advised of his right to a jury trial, to confrontation of witnesses, and to his privilege against sen-incrimination. Defendant stated that he | ^understood and chose to waive those rights. During the guilty plea colloquy, defendant informed the trial judge that he “committed the manslaughter” of D.B. and that he “attempted to try to kill” L.B.
Although the bill of indictment was not amended by the state to reflect the lesser charge of manslaughter as to count one (second degree murder) to which defendant pled guilty, this does not present an issue for appeal.[6] See State v. Jackson, 04-2863 (La.11/29/05), 916 So.2d 1015, 1022-23 (wherein the Louisiana Supreme Court found that the state’s failure to amend a bill of indictment to reflect a non-responsive crime, to which the defendant pled guilty, does not automatically invalidate a knowing and voluntary guilty plea.) In this case, the record reflects that defendant was sufficiently aware of the nature of the charges against him and the guilty plea colloquy clearly demonstrates that defendant fully understood the nature of the crimes to which he pled guilty.
Finally, defendant’s sentences do not present any non-frivolous issues to be raised on appeal. La.C.Cr.P. art. 881.2 provides that a defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement set forth in the record at the time of the plea.
The guilty plea colloquy reflects that defendant was aware of the nature of the crimes to which he pled guilty as well as *861 the consequences of his guilty pleas to manslaughter and attempted second degree murder. The trial judge informed defendant of the maximum penalty for each crime and further advised defendant of the sentences he would receive pursuant to the plea agreement, informing defendant that his forty-year sentence for the manslaughter conviction would run consecutively to the fifty-year sentence for the attempted second degree murder 17conviction.[7] Defendant further submitted a written, signed acknowledgment stating that he understood that his sentences would run consecutively and that he would be sentenced to a total of ninety years at hard labor.
The record reflects that defendant was sentenced in conformity with the plea agreement and further that defendant’s sentences fall within the prescribed statutory sentencing ranges. See La. R.S. 14:31; La. R.S. 14:27; and La. R.S. 14:80.1.
Upon an independent review of the record, we find that the record supports counsel’s assertions that the pleadings and proceedings leading to defendant’s convictions do not present any non-frivolous issues for appeal. We further find that appellate counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal.

ERRORS PATENT

Defense counsel’s appellate brief requests an errors patent review. However, this Court routinely reviews the record for errors patent in accordance with La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Wetland, 556 So.2d 175 (La.App. 5 Cir.1990), regardless of whether defendant makes such a request. The record presents the following errors patent:
First, the Uniform Commitment Order inaccurately reflects that defendant pled guilty to the amended charge of manslaughter in violation of La. R.S. 14:31. The record reflects that although the state accepted defendant’s guilty plea to the Islesser offense of manslaughter as to count one, the state did not formally amend the indictment and, thus, the commitment is inaccurate. Further, the Uniform Commitment Order fails to reflect that the sentences imposed on counts one and two are to be served consecutively as ordered by the trial judge and reflected in the transcript. Accordingly, we remand this matter for correction of these errors to the Uniform Commitment Order.
Second, the sentencing transcript reflects an incomplete advisal regarding the time period during which defendant may seek post-conviction relief. Accordingly, defendant is hereby notified, by way of this opinion, that no application for post-conviction relief, including those applications seeking an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and *862 sentence have become final under the provisions of La.C.Cr.P. arts. 914 and 922.

CONCLUSION

Accordingly, for the reasons provided herein, defendant’s convictions and sentences are affirmed and appellate counsel’s motion to withdraw as attorney of record is hereby granted. We remand this matter to the trial court for correction of errors patent in accordance with this opinion.

CONVICTIONS AND SENTENCES AFFIRMED; MOTION TO WITHDRAW GRANTED; REMANDED FOR CORRECTION OF THE COMMITMENT

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. The initials of the minor victim and those of certain family members are used under the authority of La. R.S. 46:1844(W)(3).

. The bill of indictment lists the juvenile's date of birth as 12/2/2009.

. Defendant also appeared before the court for a pre-trial hearing on a motion to suppress, which the trial court denied. Defendant did not reserve the right to appeal that ruling pursuant to State v. Crosby, 338 So.2d 584 (La.1976) and, thus, that ruling is not at issue in this appeal.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. The record does contain a copy of the bill of indictment with handwritten notations, signed by the state, indicating that the state accepted defendant’s guilty plea for manslaughter in violation of La. R.S. 14:31 as to count one of the indictment.

. Although the record reflects that the trial judge did not inform defendant of the minimum sentences he faced for each conviction pursuant to La.C.Cr.P. art. 556.1, he was informed of the sentences that he would receive pursuant to the plea agreement and we, thus, find this error to be harmless. It is well-settled that violations of La.C.Cr.P. art. 556.1 that do not rise to the level of Boykin violations are subject to harmless error analysis. State v. Campbell, 08-1226 (La.App. 5 Cir. 5/26/09), 15 So.3d 1076, 1079, writ denied, 09-1385 (La.2/12/10), 27 So.3d 842. Further, the Louisiana Supreme Court has held that the core Boykin constitutional requirements have never been extended to include advice with respect to sentencing. State v. Guzman, 99-1528 c/w 99-1753 (La.5/16/00), 769 So.2d 1158, 1164.