THOMAS F. DALEY, Judge.
|2The defendant has appealed his conviction of possession of methadone, his adjudication as a second felony offender, and the ten year sentence imposed as a result thereof. For the reasons that follow, we affirm.

FACTS AND PROCEDURAL HISTORY:

Defendant, Darren M. Dufrene, was charged on February 9, 2007 by the Jefferson Parish District Attorney with possession of methadone, in violation of R.S. 40:967(C). He entered a plea of not guilty on February 12, 2007 and filed several pretrial motions. Prior to a ruling on any defense motion, defendant withdrew his plea of not guilty and entered an unconditional guilty plea on June 28, 2007. He was sentenced to five years at hard labor. *33 The State then filed a habitual offender Bill of Information, alleging defendant to be a third felony offender based on two prior convictions. After being advised of his multiple offender rights, defendant admitted to being a multiple offender, specifically pleading guilty to being a second felony offender as outlined in the plea agreement. [ 3The trial court thereafter vacated the original sentence and imposed a multiple offender sentence of ten years at hard labor without benefit of probation or suspension of sentence, with credit for time served. Defendant filed a Motion for Appeal on July 24, 2007.
On November 7, 2007 counsel filed a brief stating there are no non-frivolous issues for appeal in conformity with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). A Motion to Withdraw was also filed on November 7, 2007[1]

LAW AND DISCUSSION:

On appeal, the primary inquiry is whether counsel has complied with the procedures approved in Anders. The United States Supreme Court stated in Anders “if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw.” Anders, 386 U.S. at 744, 87 S.Ct. 1396. In State v. Jyles, 96-2669, p. 3 (La.12/12/97), 704 So.2d 241, 242 (quoting State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam)) the Court explained counsel must “review not only the procedural history of the case and the evidence presented at trial but must also provide [... ] ‘a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.’” In Mouton, the court stated this assessment included review of “sufficiency of the evidence, the lack of objection to any of the testimony presented at trial, and the adequacy of the trial court’s compliance with Louisiana’s Sentencing Guidelines.” 14Mouton, 95-0981 at 1, 653 So.2d at 1177. If the Anders brief simply states that there are no non-frivolous issues, without some discussion, and only requests a review for errors patent, it is ordinarily disallowed. State v. Wingerter, 05-697, (La. App. 5 Cir. 3/14/06), 926 So.2d 662. In the case at bar, counsel asserts that she has reviewed the record in defendant’s case and, after considering defendant’s Boykin colloquy and sentence, discovered no non-frivolous issues for appeal.
When counsel files an Anders brief, an appellate court reviews several items: a) the Bill of Information to ensure that the charge is proper, b) all minute entries to ensure that defendant was present at all crucial stages of the prosecution, c) all pleadings in the record, and d) all transcripts to determine whether any ruling of the trial court provides a basis for appeal. State v. Leonard, 04-708, (La. App. 5 Cir. 12/14/04), 892 So.2d 66. If, in its review, “the appellate court finds a legal point arguable on the merits, it may either deny appellate counsel’s motion to withdraw and order him to file a brief arguing the legal point or it may grant the motion to withdraw and appoint substitute appellate counsel.” State v. Dillon, 06- *34 488, pp. 3-4 (La.App. 5 Cir. 11/28/06), 947 So.2d 86, 88 (citation omitted).
In this case, the trial court made no pre-plea rulings that could form the basis of an appeal.[2] The Bill of Information is proper insofar as the charge is sufficiently clear, the statute is correctly cited, the District Attorney signed the bill, and the bill was filed in the court having jurisdiction over the offense. See State v. Sims, 426 So.2d 148, (La.1983); LSA-C.Cr.P. art. 384. Defendant was furthermore present during all crucial stages of the proceedings. Because he entered a guilty plea, there is no issue of insufficient evidence. Defendant’s Boykin colloquy is not inadequate and his sentence complies with Louisiana’s habitual offender statute. | .^Review of the record thus reveals no non-frivolous issues to be argued on appeal and counsel has complied with her obligations under Anders and Jyl-es. Accordingly, counsel’s Motion to Withdraw is granted.
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). The transcript states that the defendant pled guilty to being a second felony offender while the commitment states that the defendant was “sentenced under the Multiple Bill statute”. This matter is remanded to the trial court for the limited purpose of correcting the commitment to state defendant was sentenced as a second felony offender.
For the foregoing reasons, the defendant’s conviction and sentence are affirmed. This matter is remanded to the trial court for the limited purpose of correcting the commitment.

AFFIRMED; MATTER REMANDED.

. Counsel also notified defendant of the Motion to Withdraw and his right to file a Supplemental Pro Se Brief. Additionally, a letter was sent from the Clerk of this Court advising defendant that he may file a supplemental brief in compliance with Rule 2-12 of the Uniform Rules of the Louisiana Courts of Appeal. Defendant has not filed a Supplemental Pro Se Brief.

. Defendant filed pre-trial discovery motions, including a Motion to Suppress. The Motion to Suppress was not heard prior to defendant's guilty plea. A copy of the arrest report is in the record, but the arrest report does not contain sufficient factual details to evaluate the merits of the suppression motion and/or whether defense counsel should have pursued the Motion to Suppress. Defendant’s unconditional guilty plea waived all pending motions.