WICKER, J.
| defendant, Christopher Baptiste, appeals his convictions and sentences for distribution of heroin,[1] aggravated criminal damage to property, aggravated battery, and resisting a police officer with the use of violence or threats of violence. Defendant’s appointed counsel has filed an appellate brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and further filed' a motion to withdraw as counsel of record. For the following reasons, we affirm defendant’s convictions and sentences and grant counsel’s motion to withdraw.
STATEMENT OF THE CASE
On January 27, 2014, the Jefferson Parish District Attorney filed a bill of information charging defendant with the following counts: (1) possession with intent to distribute heroin, in violation of La. R.S. 40:966(A); (2) aggravated criminal damage to property, in violation of La. R.S. 14:55; (3) aggravated battery, in violation of La. R.S. 14:34; and (4) resisting a police officer with the use of violence or threats of violence, in violation of La. R.S. 14:108.2.
Defendant eventually entered into a plea agreement wherein he pled guilty to distribution of heroin, rather than possession with intent to distribute heroin, on count one. At the commencement of the guilty plea Colloquy, defense counsel stated that defendant was pleading guilty as charged. However, the waiver of rights form signed prior to the -hearing reflects that defendant pled guilty to distribution of heroin. Moreover, during the guilty plea colloquy, defendant responded affirmatively when the trial judge asked him if he wished to plead guilty to distribution of heroin, and the judge accepted defendant’s guilty pleas as having been knowingly, intelligently, freely, and voluntarily made by defendant.
| ^Defendant also pled guilty as charged on all other counts alleged in the bill of information. In accordance with his plea agreement, defendant was sentenced to twelve years imprisonment in the Department of Corrections on counts one and two, ten years imprisonment in the Department of Corrections on count three, and three years imprisonment in the Department of Corrections on count four.[2] *325 The trial court ordered all of defendant’s sentences to be served concurrently.
At the conclusion of sentencing, the State filed a multiple offender bill of information as to count two, aggravated criminal damage to property, alleging defendant to be a second felony offender. However, defendant stipulated to being a second felony offender as to count three, aggravated battery. The trial court accepted defendant’s stipulation and vacated defendant’s sentence on count three. In accordance with the multiple offender plea agreement, the trial court sentenced defendant as a second felony offender to twelve years imprisonment in the Department of Corrections, without benefit of probation or suspension of sentence, to be served concurrently to the sentences previously imposed. The trial court further ordered defendant to pay restitution in the amount of $12,988.00, which had been previously stipulated by counsel for the State and defense as the total sum owed to victims of defendant’s fourth count, resisting arrest by force or violence.
On February 29, 2016, defendant filed an application for post-conviction relief requesting an out-of-time appeal, which the trial court granted on March 2, 2016.
DISCUSSION
Under the procedure set forth in State v. Benjamin, 573 So.2d 528, 530 (La. App. 4 Cir. 1990), defendant’s appointed appellate counsel has filed an Anders brief pursuant to Anders v. California, supra, and State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241, 242 (per curiam), asserting that she has thoroughly reviewed the trial court record and could find no non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests to withdraw as counsel of record.
In Anders, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he or she finds the case to be wholly frivolous after a conscientious examination of it. In State v. Jyles, the Louisiana Supreme Court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” Jyles, 704 So.2d at 241. An appellate court must conduct an independent review of the trial court record to determine whether the appeal is wholly frivolous. “When counsel files an Anders brief, an appellate court reviews several items: a) the Bill of Information to ensure that the charge .is proper, b) all minute entries to ensure that defendant was present at all crucial stages of the prosecution, c) all pleadings in the record, and d) all transcripts to determine whether any ruling of the trial court provides a basis for appeal.” State v. Dufrene, 07-823 (La.App. 5 Cir. 2/19/08); 980 So.2d 31, 33.
If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. Id.
In this case, appointed' appellate counsel’s brief demonstrates that after a detailed review of the record, counsel could find no non-frivolous issues to raise on appeal. The State agrees and urges this Court to grant defense counsel’s request to *326 ^withdraw as counsel of record. An independent review of the record supports counsel’s assertion that there are no non-frivolous issues for appeal.
First, the bill of information properly sets forth the offenses charged and presents no non-frivolous issues for appeal. The bill of information plainly, concisely, and definitely states the essential facts constituting the offenses charged as well as sufficiently identifies defendant. See also generally La. C.Cr.P. arts. 464-466.
Second, the minute entries and commitment reflect that defendant appeared at each stage of the proceedings against him, including his arraignment, his guilty plea proceedings, and sentencing.
Further, defendant’s guilty plea agreement does not present any issues for appeal. Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. State v. McCoil, 05-658 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. Id. None of these deficiencies are present here.
Although we note that the record reflects that defendant pled guilty to the uncharged offense of distribution of heroin, rather than the charged offense of possession with intent to distribute heroin in count one, we do not find that this raises any issue for appeal.
At the beginning of the colloquy of the guilty pleas, defense counsel stated that defendant “will withdraw his former pleas of not guilty and tender to the court pleas of guilty as charged.” However, the waiver of rights form, signed by defendant prior to entering guilty pleas, reflects that defendant was pleading guilty to distribution of heroin. When asked by the trial judge if he wished to plead guilty Rto distribution of heroin, defendant answered, “yes, sir,” and the judge accepted defendant’s guilty pleas as having been knowingly and voluntarily made. Moreover, the minute entry and commitment order reflect that defendant pled guilty to distribution of heroin.
La. R.S. 40:966(A) makes it unlawful to produce, manufacture, distribute, or dispense a Schedule I controlled dangerous substance (which includes heroin). La. R.S. 40:966(A) also makes it illegal to possess with the intent to produce, manufacture, distribute, or dispense a Schedule I controlled dangerous substance. Although both distribution of heroin and possession with intent to distribute heroin are prohibited by the same statute and subsection, they are separate and distinct crimes. See State v. Alexander, 08-580 (La.App. 5 Cir. 2/25/09), 8 So.3d 732, 738-39, writ denied, 09-717 (La. 12/11/09), 23 So.3d 912. Similarly, possession with intent to distribute heroin is not a responsive verdict to the charge of distribution of heroin.[3]
While the bill of information charged defendant with possession with intent to distribute heroin, it is clear from his Boy-kin waiver and the colloquy transcript that defendant pled guilty to distribution of heroin. Therefore, we find that defendant pled guilty to distribution of heroin.
 Though defendant pled guilty to an uncharged offense, this does not create *327 an issue for appeal. A trial judge may accept a defendant’s knowing and voluntary guilty plea even if the plea is not responsive to that charged in the bill of information and the district attorney has not amended the bill of information to conform to the plea. State v. Jackson, 04-2863 (La. 11/29/05), 916 So.2d 1015, 1023. Defendant entered a free and voluntary guilty plea after properly being advised of his rights in accordance with Boykin. Although a nonresponsive guilty plea made without an amended bill might raise the concern that defendant did not | (¡understand the nature of the charges against him, in this case, the totality of the circumstances show otherwise. During the guilty plea colloquy and by the guilty plea form, defendant was informed of his right to a trial by jury or judge; the right to be presumed innocent until the State proves his guilt beyond a reasonable doubt; the right to force the State to call witnesses who under oath would have to testify against him at trial and to have defense counsel cross-examine each of those witnesses; the right to testify himself at trial if he chose to do so; the right to remain silent if he chose not to testify and not have his silence held against him or considered as evidence of his guilt; the right to present any witnesses that would testify on his behalf and/or present evidence that would be favorable to him; and the right to appeal any verdict of guilty that might be returned against him at trial.
Defendant stated that he understood the rights he was relinquishing by way of his guilty pleas and that he understood all the possible legal consequences of his guilty pleas and wished to plead guilty because he was in fact guilty. Defendant further stated that he was satisfied with the way his attorney and the trial court handled his case; he had not been forced, coerced, or threatened to enter his plea; and he understood the time delays to file a petition for post-conviction relief and appeal his sentences. Therefore, the transcript of the colloquy of the guilty pleas and the guilty plea form reflect that all constitutional requirements for accepting defendant’s guilty pleas were satisfied.
Next, we turn to an issue analogous to that discussed above in the context of the multiple offender bill of information and defendant’s stipulation thereto. At the conclusion of defendant’s guilty plea and sentencing hearing, the State introduced a multiple offender bill of information alleging that defendant was a second felony offender. The bill of information sought enhancement of defendant’s sentence resulting from his conviction on count two of the bill of information, aggravated criminal damage to property. However, in the multiple offender waiver of rights |7form and during the multiple offender colloquy, defendant stipulated to being a second felony offender as a result of his conviction on count three of the bill of information, aggravated battery.
A multiple offender bill of information “does not charge a crime but is merely the method of informing the sentencing court of the circumstances and requesting an enhancement of penalty.” State v. Alexander, 325 So.2d 777, 779 (La. 1976); see also, State v. Cureaux, 12-0335 (La.App. 4 Cir. 5/1/13), 116 So.3d 833, writ denied, 13-1270 (La. 12/2/13), 126 So.3d 499. In State v. Rowell, 306 So.2d 671, 675 (La. 1975), the Louisiana Supreme Court held that while a multiple offender bill must “inform the accused of the nature and cause of the accusation against him,” any information beyond informing the accused of a previous felony conviction within the time period established by La. R.S. 15:529.1 is unnecessary. A clerical error in the bill does not require a dismissal of the bill or reversal of a conviction if the error or omission *328 does not mislead the defendant to his prejudice. La. C.Cr.P. art. 464; State v. Stevenson, 02-769 (La.App. 5 Cir. 1/28/03), 839 So.2d 340, 345, writ denied, 03-833 (La. 10/31/03), 857 So.2d 472. A defendant who fails to object contemporaneously to an alleged defect in a multiple offender bill is precluded from raising that issue on appeal. La. C.Cr.P. art. 841; State v. Biglane, 99-111 (La.App. 5 Cir. 5/19/99), 738 So.2d 630, 639.
Upon review of the multiple offender waiver of rights form and the hearing transcript, we find that defendant and his counsel were on notice that defendant was alleged to be a second felony offender pursuant to La. R.S. 15:529.1. The apparent error regarding which underlying conviction was being used to enhance defendant’s sentence does not invalidate defendant’s stipulation to the multiple offender charge. The waiver of rights form and the multiple offender proceeding gave defendant sufficient notice that his sentence was being enhanced on count three rather than count two. Moreover, enhancement under count three, rather than 1 «count two, of the bill of information resulted in exposure to a more favorable sentencing range for defendant. Accordingly, despite an error in the multiple offender bill, the absence of any prejudice to defendant renders this error harmless and requires no corrective action by this Court. See State v. Simmons, 03-1458 (La.App. 5 Cir. 5/26/04), 875 So.2d 1018, 1023. Furthermore, pursuant to La. C.Cr.P. art. 841, defendant’s failure to object during the multiple offender hearing renders this error abandoned on appeal.
Our review of the remainder of the multiple offender proceedings reveals no error. By way of his colloquy with the trial judge and his signed waiver of rights form, defendant indicated that he understood he was giving up his right to plead not guilty, his right to a hearing, and his right to remain silent. The trial judge advised defendant of his potential sentencing range and the actual sentence that would be imposed pursuant to defendant’s stipulation. Defendant told the trial judge that he understood the potential legal consequences of his stipulation and wished to stipulate to being a second felony offender. Defendant also stated that he was satisfied with the way his attorney and the trial court had handled the case and that he was not being forced, coerced, or threatened into stipulating to the multiple offender bill. The trial court found that defendant’s stipulation was made knowingly, intelligently, freely, and voluntarily. Accordingly, we find no error in the multiple offender proceedings.
Finally, defendant’s sentences do not present any non-frivolous issues to be raised on appeal. The imposed sentences fall within the sentencing ranges prescribed by statutes. See La. R.S. 40:966(B)(1); La. R.S. 14:55(B); La. R.S. 14:34(B); La. R.S. 14:108.2(C) and La. R.S. 15:529.1.[4] Also, defendant was sentenced in conformity with a plea agreement. La. C.Cr.P. art. 881.2(A)(2) ^precludes a defendant from seeking review of his sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. The record reflects that defendant was sentenced in conformity with the plea agreement and further that defendant’s sentences fall *329 within the prescribed statutory sentencing ranges.
Upon an independent review of the record, we find that the record supports counsel’s assertions that the pleadings and proceedings leading to defendant’s convictions do not present any non-frivolous issues for appeal. We further find that appellate counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal.
ERRORS PATENT
Defendant requests an errors patent review. However, this Court routinely reviews the record for errors patent in accordance with La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La. 1975); and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir. 1990) regardless of whether defendant makes such a request. The record presents the following errors patent:
First, regarding the plea to the uncharged offense, we decline to set aside a guilty plea that was voluntarily and intelligently made on a technicality. Distribution of heroin and possession with intent to distribute heroin carry the same sentencing range. See La. R.S. 40:966(B)(1). By way of both the guilty plea colloquy and the guilty plea form, defendant was advised that he faced a sentencing range of five to fifty years at hard labor. Defendant was also advised by the guilty plea colloquy and through the guilty plea form that he would be sentenced to twelve years at hard labor. Thus defendant made an advantageous plea bargain.
| tnSecond, before accepting a guilty plea, a trial court must personally inform a defendant of the nature of the charge to which the plea is offered, including any restriction on benefits. La. C.Cr.P. art. 556.1(A)(1). ' Here, La. R.S. 40:966(B)(1) provides that “at least five years” of the sentence must be served without benefit of probation or suspension of sentence. However, the record shows no indication that defendant was informed of any restriction of benefits prior to entering his guilty plea. (Nevertheless, there is nothing in the record to suggest that any benefits or restriction thereof induced defendant t,o enter his guilty plea. Defendant’s guilty pleas were tendered voluntarily and knowingly, and he was sentenced in accordance with the terms of the plea agreement. Additionally, defendant has not assigned any errors regarding the trial judge’s omission. Accordingly, we find that the trial court’s failure to advise defendant of any restrictions on benefits was harmless error.
Likewise, we find that the trial court’s failure to affirmatively order that at least five years of defendant’s sentence on count one be served without benefit of probation or suspension of sentence requires no corrective action. A trial court’s failure to impose mandatory sentencing restrictions is. illegally lenient. See State v. Alfaro, 13-39 (La.App. 5 Cir. 10/30/13), 128 So.3d 515, 534, writ denied, 13-2793 (La. 5/16/14), 139 So.3d 1024. However, in this case, defendant’s sentence does not provide for any period of probation or suspended sentence on count one. Accordingly, we find that the trial judge’s sentence on count one imposed the legally mandated sentencing restriction.
Finally, our review reveals an error in the imposition of restitution during the multiple offender proceeding. During the original sentencing hearing, counsel for the State and defense stipulated to a total value of restitution in the amount of $12,988.00 as a result of medical expenses and property damages sustained by the victims of count four, resisting arrest by force or violence. However, the court *330 [nordered the payment of restitution as part of the multiple offender enhanced sentence on count three, rather than on count four, the crime which led to the injuries compensable by restitution. Though the commitment order reflects that “[o]n count 4, the restitution is to be paid to the victims,” where there is a discrepancy between the minute entry and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La. 1983). Accordingly, we vacate the trial court’s restitution order and remand the case for imposition of the stipulated amount of restitution on count four.
CONCLUSION
Accordingly, for the reasons provided herein, defendant’s convictions and sentences are affirmed and appellate counsel’s motion to withdraw as attorney of record is hereby granted. We remand this matter to the trial court for correction the restitution order in accordance with this opinion.
CONVICTIONS AND SENTENCES AFFIRMED; MOTION TO WITHDRAW GRANTED; REMANDED FOR CORRECTION OF THE RESTITUTION ORDER

. As will be discussed fully below, defendant was originally charged in count one of the bill of information with possession with intent to distribute heroin. However, he eventually pled guilty to distribution of heroin,

. Though the trial judge sentenced defendant to imprisonment in die Department of Corrections, rather than to imprisonment at hard labor as required by the pertinent penalty statutes, this Court deems such a sentence necessarily at hard labor.

. The responsive verdicts for distribution of a controlled dangerous substance are: guilty, attempted distribution, possession, attempted possession, and not guilty. La. C.Cr.P. art. 814(A)(48).

. It is well settled that the law in effect at the time of the commission of the offense is determinative of the penalty which the convicted accused must suffer. State v. Sugasti, 01-3407 (La. 6/21/02), 820 So.2d 518, 520. The instant offenses were committed on April 16, 2014. Thus, we apply the penalties in effect at that time.