LILJEBERG, J.
| ^Defendant appeals his convictions and sentences for manslaughter and possession of a firearm by a convicted felon. For the following reasons, we affirm. We also grant appellate counsel’s motion to withdraw as counsel of record.
PROCEDURAL HISTORY
On November 7, 2013, defendant, Alexis R. Shelby, was charged by grand jury indictment with second degree murder in violation of La. R.S. 14:30.1 (count one) and possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1 (count two). Defendant was arraigned and pleaded not guilty. On February 12, 2014, defendant filed a Motion to Appoint Sanity Commission to Determine Competency to Stand Trial. A hearing was held, and the trial judge found defendant competent to stand trial.
On August 11, 2015, the State amended count one of the indictment to allege that defendant committed manslaughter in violation of La. R.S. 14:31.[1] On that same date, defendant withdrew his not guilty pleas and pleaded guilty to the amended charge of manslaughter and to possession of a firearm by a convicted felon. Afterward, on that same date, the trial judge sentenced defendant to imprisonment at hard labor for 40 years on count one and imprisonment at hard labor for 20 years on count two, with the sentence on count two to be served without benefit of parole, probation, or suspension of sentence. The trial court ordered the sentences on both counts to run concurrently with each other.
Also on August 11, 2015, the State filed a multiple offender bill of information alleging defendant to be a second felony offender to which defendant stipulated. Afterward, on that same date, the trial judge vacated the original sentence on count one and resentenced defendant under the multiple bill statute to imprisonment at hard labor for 40 years without benefit of probation or suspension |2of sentence, to run concurrently with the sentence on count two. Defendant appeals.
FACTS
Because defendant pleaded guilty, the underlying facts were not fully developed at a trial. Nevertheless, the State alleged in the amended indictment that on or about July 6, 2013, in Jefferson Parish, defendant violated La. R.S. 14:31 in that he committed manslaughter of Michael Gray (count one). The State also alleged in the amended indictment that on July 6, 2013, defendant violated La. R.S. 14:95.1 in that he had in his possession a firearm having been previously convicted of the crime of La. R.S. 40:971.1, distribution of a substance falsely represented to be a controlled dangerous substance, to wit: counterfeit cocaine, in case number 08-482, Division “C” of the 24 th Judicial District Court. Additionally, during the plea colloquy, defendant stated that he was pleading guilty to manslaughter and possession of a firearm by a convicted felon because he “was involved in a shooting that took the life of Mr. Michael Gray.”
LAW AND DISCUSSION
Under the procedure adopted by this Court in State v. Bradford, 95-929, pp. 3-4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[2] appointed appellate counsel has *947 filed a brief asserting that he has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam), appointed counsel requests permission to withdraw as counsel of record.
In Anders, supra, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be |-/wholly frivolous after a conscientious examination of it.[3] The request must be accompanied by “ ‘a brief referring to anything in the record that might arguably support the appeal’ ” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.” McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
In Jyles, 96-2669 at 2, 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanar tion of why the motions or objections lack merit. The supreme court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” Id.
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. Bradford, 95-929, at 4, 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed Rattorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. Id.
In the present case, defendant’s appellate counsel asserts that after a detailed review of the record, he could find no non-frivolous issues to raise on appeal. Appellate counsel states that the indictment and the multiple bill are in proper form, that the minutes indicate defendant was present with counsel for all critical court proceedings, and that the plea forms and accompanying colloquies are thorough and complete. He states that the trial judge heard and denied motions to suppress and that there is nothing to suggest that the trial court rulings were an abuse of discretion. In any event, he states that when defendant pleaded guilty, he did not reserve his right to seek review of the rulings on any of these motions.
Appellate counsel states that defendant, with the assistance of counsel, entered an unqualified guilty plea to the amended in *948 dictment, waiving all non-jurisdictional defects. Appellate counsel submits that during the plea colloquy, defendant indicated to the trial court that he had not been forced, coerced, or threatened to enter the pleas, that he was pleading guilty because he was guilty, and that he understood his rights, the charges, and the sentences he would receive in exchange for the pleas. He submits that there is no evidence in the record to support any claim that defendant’s pleas were constitutionally infirm.
Appellate counsel notes that the plea bargain appears to have been advantageous to defendant as he received a 40-year sentence on the amended charge of manslaughter rather than a life sentence had he been convicted at trial of second degree murder. He maintains that the sentences imposed are exactly the sentences defendant bargained for in his plea agreement and that this Court has recognized that a defendant is precluded from raising an excessiveness claim on appeal when the imposed sentence is the product of a plea agreement.
^Finally, appellate counsel notes that defendant filed a motion to appoint a sanity commission, after which the trial judge found him competent to proceed based upon the report of Dr. Richard Richoux and Dr. Rafael Salcedo, and the testimony of Dr. Richoux. He asserts that there is no evidence in the record to support a conclusion that the trial court erred by finding defendant competent to proceed.
Appellate counsel has filed a motion to withdraw as attorney of record, in which he states that he cannot find any non-frivolous issues to raise on appeal and that he has notified defendant that he filed an Anders brief and a motion to withdraw from the case. Appellate counsel also indicates that he informed defendant of his right to file a pro se supplemental brief in this appeal.[4] Defendant has not filed a pro se supplemental brief in this matter.[5]
An independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal.
The amended indictment properly charged defendant and plainly and concisely stated the essential facts constituting the offenses charged. It also sufficiently identified defendant and the crimes charged. See La. C.Cr.P. arts. 462-466. Further, as reflected in the minute entries, defendant and his counsel appeared at all crucial stages of the proceedings against him, including his arraignment, guilty pleas, multiple bill stipulation, and sentencing. As such, there are no appealable issues surrounding defendant’s presence.
Further, defendant pleaded guilty in this case. Generally, when a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea and precludes review of such defects either by appeal or post-conviction relief. State v. Turner, 09-1079, pp. 7-8 (La.App. 5 Cir. 7/27/10), 47 So.3d 455, 459. Here, defendant entered unqualified guilty pleas, and therefore, all non-jurisdictional defects were waived. No rulings were preserved for appeal under the holding in State v. Crosby, 338 So.2d 584 (La. 1976).
Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. State v. *949 McCoil, 05-658, p. 7 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boy-kin [6] colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. Id.
A review of the record reveals no constitutional infirmity in defendant’s guilty pleas. The record shows that defendant was aware he was pleading guilty to the crimes of manslaughter and possession of a firearm by a convicted felon. On the waiver of rights form and during the colloquy with the trial judge, defendant was advised of his right to a jury trial, his right to confrontation, and his privilege against self-incrimination as required by Boykin v. Alabama, supra. Defendant signed the waiver of rights form, indicating that he understood he was waiving these rights by pleading guilty. During the colloquy with the trial judge, defendant also indicated that he understood those rights.
During his guilty plea colloquy and on his waiver of rights form, defendant indicated that he had not been forced, coerced, or threatened into entering his guilty pleas. He was informed during the colloquy and on the waiver of rights form of the sentencing range for possession of a firearm by a convicted felon, the maximum sentence for manslaughter, and of the actual sentences that would be imposed if his guilty pleas were accepted. After the colloquy with defendant, the |7trial court accepted defendant’s pleas as knowingly, intelligently, freely, and voluntarily made.
A review of the record also reveals no constitutional infirmity in defendant’s stipulation to the multiple bill. The waiver of rights form, in conjunction with the colloquy between the trial judge and defendant, indicates that defendant was advised of his right to a hearing at which the State would have to prove his multiple offender status and of his right to remain silent throughout the hearing. Defendant was also advised of the potential sentencing range as a second felony offender and the actual sentence he would receive. Defendant indicated that he had not been forced or coerced into stipulating to the multiple bill. Afterward, the trial judge stated that the plea of “guilty” was accepted by the court as having been knowingly, intelligently, freely, and voluntarily made by defendant.
With regard to defendant’s sentences, La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. State v. Washington, 05-211, p. 5 (La.App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. This Court has applied this px-ovision to cases in which a defendant admits to the allegations in a habitual offender bill, as part of a sentencing agreement. See State v. Cross, 06-866, p. 4 (La.App. 5 Cir. 4/11/07), 958 So.2d 28, 30.
In the instant case, defendant’s sentences were imposed in accordance with the terms of the plea agreements set forth in the record at the time of the pleas and stipulation. Defendant’s sentences also fall within the sentencing ranges set forth in the statutes. See La. R.S. 14:31; La. R.S. 14:95.1; La. R.S. 15:529.1. Moreover, defendant’s plea agreement was beneficial to him in that he received a 40-year enhanced sentence as a second felony offender when he could have received an 80-year sentence, and the enhanced sentence and *950 the sentence on count two were ordered to run concurrently.
1 «The transcript reflects that the trial judge advised defendant during the colloquy that if she accepted the guilty plea on count two, he would be sentenced to 20 years at hard labor in the Department of Corrections. The transcript and the commitment reflect that after accepting the guilty plea on count two, the trial judge sentenced defendant on count two to 20 years at hard labor in the Department of Corrections without benefit of parole, probation, or suspension of sentence. Defendant did not object to the restriction of benefits when the trial judge sentenced him on count two, even though he was not advised of these restrictions beforehand.[7] Further, the trial judge’s failure to advise defendant that the sentence on count two would be imposed without these benefits did not affect the voluntariness of the guilty plea on count two.
In State v. Harrell, 09-364, pp. 31-33 (La.App. 5 Cir. 5/11/10), 40 So.3d 811, 323-24, writ denied, 10-1377 (La. 2/10/12), 80 So.3d 473, the defendant contended that his plea on count three was not knowing and voluntary because the trial court failed to advise him that the first five years of the sentence had to be served without the benefit of parole, probation, or suspension of sentence. On appeal, this Court found that the trial court’s failure in this regard did not render the defendant’s guilty plea unknowing or involuntary. It noted that the trial court advised the defendant of his Boykin rights, that the defendant indicated his willingness to plead guilty ^throughout the plea colloquy, that the defendant acknowledged that he had discussed the guilty plea with his attorney and that he still desired to plead guilty, and that the defendant received a substantial benefit for pleading guilty.
In the instant case, the record reflects that the trial judge advised defendant of his Boykin rights, and defendant indicated his willingness to plead guilty throughout the colloquy. Defendant acknowledged that he had discussed his guilty plea with his attorney and that he still desired to plead guilty. Moreover, defendant received a substantial benefit for pleading guilty. Also, the record does not reflect that receiving the benefit of parole was crucial to his guilty plea. Under these circumstances, defendant’s rights were not affected. Therefore, the trial judge’s failure to advise defendant that the sentence on count two would be imposed without the benefit of parole, probation, or suspension of sentence did not affect the voluntariness of the guilty plea on count two. See Harrell, supra.
Appellate counsel’s brief adequately demonstrates by full discussion and analysis that he has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel’s assertion. Accordingly, we affirm defendant’s convictions and sentences, and we grant appellate counsel’s motion to withdraw as attorney of record.
ERRORS PATENT
The record was reviewed for errors patent, according to La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La. 1975); and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir. 1990). The following two errors were noted.
First, the transcript reflects that the trial judge failed to impose the manda *951 tory fíne of not less than $1,000.00 nor more than $5,000.00, as required by La. R.S. 14:95.1(B). While an appellate court has the authority to correct an illegal sentence, this authority is permissive rather than mandatory. La. C.Cr.P. art. 882. Defendant pled guilty and is indigent, as evidenced by his representation by the Louisiana Appellate Project. As such, even though defendant’s sentence is illegally lenient because of the lack of a fine, we decline to disturb defendant’s sentence on count two. See State v. Boston, 14-632, p. 10 (La.App. 5 Cir. 12/16/14), 167 So.3d 82, 88, writ denied, 15-0155 (La. 1/8/16), 184 So.3d 691.
|1ftSecond, the multiple bill contains a clerical error in the statutory citation of the predicate offense. In the multiple bill, the State alleged that the predicate offense was distribution of a falsely represented “CDS” in violation of La. R.S. 40:971; however, it appears that the correct statutory citation is La. R.S. 40:971.1.
The purpose of a bill of information is to inform a defendant of the nature and cause of the accusation against him as required by the Louisiana Constitution, Article 1, § 13. A clerical error in the statutory citation does not require a dismissal of the bill or reversal of a conviction if the error or omission does not mislead the defendant to his prejudice. La. C.Cr.P. art. 464; State v. Varnado, 01-367, p. 7 (La.App. 5 Cir. 9/13/01), 798 So.2d 191, 194.
In the instant case, there is no indication that defendant was prejudiced by the clerical error in the statutory citation of the predicate offense in the multiple bill. Although the statutory citation is incorrect on the multiple bill, it contains the proper description of the crime. Also, in the amended indictment, the correct statutory citation was used. Under these circumstances, any error in the statutory citation was harmless.
DECREE
For the foregoing reasons, we affirm defendant’s convictions and sentences. We also grant appellate counsel’s motion to withdraw as counsel of record.
AFFIRMED; MOTION TO WITHDRAW GRANTED

. On August 11, 2015, the State also amended count two of the indictment to change the predicate conviction from a violation of La. R.S, 40:966(A) to a violation of La. R.S. 40:971.1.

. In Bradford, supra, this Court adopted the procedures outlined in State v. Benjamin, 573 So.2d 528, 530 (La. App. 4 Cir. 1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981, pp. 1-2 *947 (La. 4/28/95), 653 So.2d 1176, 1177 (per cu-riam).

. The United States Supreme Court reiterated Anders in Smith v. Robbins, 528 U.S, 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

. This Court also sent defendant a letter by certified mail informing him that an Anders brief had been filed and that he had the right to file a pro se supplemental brief.

. The State has filed a brief in this matter, concurring in appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. The waiver of rights form does not show that defendant was advised that the sentence on count two would be imposed without the benefit of parole, probation, or suspension of sentence.