WICKER, J.
Defendant, Lawrence Chirlow, appeals his conviction for possession of cocaine in excess of 28 to 200 grams, in violation of La. R.S. 40:967(F) and possession with intent to distribute marijuana in violation of La. R.S. 40:966(A). Appointed counsel for Defendant has filed an appellate brief pursuant to Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and State v. Jyles , 96-2669 (La. 12/12/97), 704 So.2d 241, 242 (per curiam ), seeking to withdraw as counsel of record for Defendant asserting that after thoroughly reviewing the district court record, she could find no non-frivolous issues to raise on appeal.
For the following reasons, we affirm Defendant's convictions and sentences, remand the case for correction of errors patent, and grant appellate counsel's motion to withdraw as counsel of record.
PROCEDURAL HISTORY
On July 1, 2015, the Jefferson Parish District Attorney filed a bill of information charging Defendant with possession of cocaine in excess of 28 to 200 grams, in violation of La. R.S. 40:967(F) (count one), and with possession with intent to distribute marijuana, in violation of La. R.S. 40:966(A) (count two). At his June 6, 2015 arraignment, Defendant pled not guilty as to both counts.
On September 10, 2015, defense counsel filed a Motion to Appoint a Sanity Commission to Determine Defendant's Competence to Stand Trial. A competency hearing was held on May 4, 2016, at which counsel for both parties requested that the forensic psychiatrist and forensic psychologist who initially evaluated Defendant be allowed to re-assess his mental capacity.[1]
*1285 During a subsequent hearing on July 20, 2016, the district court found Defendant competent to stand trial.[2] At the same proceeding, Defendant withdrew his not guilty plea and entered a plea of guilty as charged to counts one and two. Defendant was then sentenced in accordance with the plea agreement to serve "[eighteen] years in the Department of Corrections as to each count, to run concurrently." The district court further ordered Defendant to comply with the schedule of fines, fees, sentencing provisions, and probation requirements,[3] and afforded him credit for time served, "to run concurrently with district court case number15-4259, as well as any other time imposed." Finally, the district court recommended that Defendant participate in "any and all self-help or substance abuse programs that may be available" in the Department of Corrections.
After this initial sentence, the State filed a Multiple Offender Bill of Information alleging Defendant was a second time felony offender as to count one, possession of cocaine in excess of 28 to 200 grams. Defendant pled guilty and the district court vacated Defendant's original sentence as to count one and imposed a sentence of eighteen years hard labor, to run concurrent with count two and "any or all other time imposed." Defendant received credit for time served and was ordered to comply with the schedule of fines, fees, sentencing provisions, and probation requirements and recommended any substance abuse and self-help treatments available through the Department of Corrections.
On February 26, 2018, Defendant filed an application for post-conviction relief in the district court. The district court dismissed his application without prejudice on March 2, 2018.[4] Defendant filed a writ with this Court on April 4, 2018, seeking review of the district court's denial and was granted leave to seek an out-of-time appeal on May 22, 2018.[5] The Louisiana Appellate Project was appointed as defense counsel on June 8, 2018. Defense counsel has filed an Anders brief requesting an errors patent review and a motion to withdraw as counsel of record for appellant.
FACTS
On July 20, 2016, Defendant pled guilty without proceeding to trial. As a result of Defendant's guilty plea, the underlying facts regarding the crime of conviction were not fully developed in the record. However, during Defendant's plea colloquy, the State provided the following factual basis:
Your Honor, as to case 15-3900, if that matter were to go to trial, the state would be able to prove beyond a reasonable doubt that on or about May the 28th of 2015, as to count one and two, the defendant violated *1286 Revised Statute 40:967 [F]; that he did knowingly or intentionally possess cocaine, between 28 and 200 grams; and as to count two on that same date, that he violated Revised Statute 966[A] in that he did knowingly or intentionally possess with the intent to distribute marijuana.
ANDERS BRIEF
Defendant's appointed counsel has filed a brief pursuant to Anders v. California , supra , and State v. Jyles , supra , asserting that she has thoroughly reviewed the district court record and could find no non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests to withdraw as counsel of record.
In Anders , supra , the United States Supreme Court held that appointed counsel may seek to withdraw from representation if counsel finds the case to be wholly frivolous after a conscientious examination of the record. In State v. Smith , infra , this Court further held that the request must be accompanied by "a brief referring to anything in the record that might arguably support the appeal" so as to provide the reviewing court "with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability" and to assist the reviewing court "in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw." 18-142 (La. App. 5 Cir. 8/29/18), 253 So.3d 1314, 1318 ; citing McCoy v. Court of Appeals of Wisconsin, Dist. 1 , 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
In Jyles , supra , the Louisiana Supreme Court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel "has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." See Id. at 241. The court further held that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. Id.
To comply with Anders , an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. State v. Bradford , 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110. Thus, "when counsel files an Anders brief, an appellate court reviews several items: a) the Bill of Information to ensure the charge is proper, b) all minute entries to ensure that defendant was present at all crucial states of the prosecution, c) all pleadings in the record, and d) all transcripts to determine whether any ruling of the trial court provides a basis for appeal." State v. Dufrene , 07-823 (La. App. 5 Cir. 2/19/08), 980 So.2d 31, 33. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, the court may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. However, if the court finds a legal point arguable on the merits, it may either deny the motion and order the court-appointed counsel to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. Id.
ANALYSIS
Appellate counsel indicates that she has prepared a brief in accordance with Anders , supra , and Jyles , supra , and after a conscientious and thorough review of the record, she could find no non-frivolous issues to raise on appeal nor could she find a ruling of the district court which arguably supports an appeal. The State agrees with appellate counsel, and urges this Court to *1287 grant appointed counsel's motion to withdraw as counsel of record. On July 6, 2018, this Court notified Defendant, via certified mail, that an Anders brief had been filed on his behalf and that he had until August 5, 2018 to file a pro se supplemental brief. As of the date of this case's submission for decision, Defendant had not filed a brief with this Court.
This Court's independent review of the record supports appellate counsel's assertion that there are no non-frivolous issues to raise on appeal. First, the bill of information properly charged Defendant and clearly, concisely and definitely stated the essential facts constituting the offenses charged and sufficiently identified Defendant and the crimes charged. See La. C.Cr.P. arts. 463 - 466. The bill charges Defendant with one count of possession of a controlled dangerous substance, cocaine (28 to 200 grams), in violation of La. R.S. 40:967(F), and a second count of possession with intent to distribute a controlled dangerous substance, marijuana, in violation of La. R.S. 40:966(A). Second, the minute entries in the record reflect that Defendant, and his counsel, appeared at each stage of the prosecution against him, including his arraignment, guilty plea proceeding, and sentencing. Therefore, his presence does not present any issues supporting an appeal. See State v. Benjamin , 573 So.2d 528, 530 (La. App. 4th Cir. 1990).
Third, Defendant entered a guilty plea to the charges filed against him. If a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea and precludes review of such defects either by appeal or post-conviction relief. State v. Wingerter , 05-697 (La. App. 5 Cir. 3/14/06), 926 So.2d 662, 664 ; State v. Turner , 09-1079 (La. App. 5 Cir. 7/27/10), 47 So.3d 455, 459. Only guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. State v. McCoil , 05-658 (La. App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin colloquy is inadequate, or when the defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. Id. In such a case, the defendant has been denied due process of law in that the plea was not given freely and knowingly. State v. Goff , 13-866 (La. App. 5 Cir. 4/9/14), 140 So.3d 146, 150-51.
In his initial plea agreement, Defendant entered a guilty plea essentially waiving all non-jurisdictional defects. No rulings were preserved for appeal under the holding in State v. Crosby , 338 So.2d 584 (La. 1976). Also, prior to Defendant's guilty plea, the district court found him competent to stand trial. Defendant's guilty plea waived his right to challenge his competency on appeal. See State v. Lyons , 13-180 (La. App. 5 Cir. 10/09/13), 128 So.3d 407, 415 ; State v. Marenco , 17-418 (La App. 5 Cir. 12/27/17), 236 So.3d 784, 789.
A review of the record in the present case reflects that Defendant was aware he was pleading guilty to the crime of possession of cocaine in excess of 28 to 200 grams and possession with intent to distribute marijuana. During the plea colloquy with the district court on July 20, 2016, Defendant was advised of his right to trial by judge or jury, his right to confrontation, and the privilege against self-incrimination as required under Boykin v. Alabama , 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Defendant verbally attested to the district court his understanding that, by pleading guilty, he was waiving the aforementioned rights and provided his initials and signature on the Acknowledgment of Constitutional Rights and Waiver of Rights on Entry of a Plea of Guilty-Felony Boykin form as further evidence of his *1288 understanding that he was waiving said rights by pleading guilty. Therefore, Defendant's guilty plea presents no means by which it would be considered constitutionally infirm.
During Defendant's guilty plea colloquy, he implied that he felt in some way forced to plead guilty, at which point defense counsel requested to speak with Defendant. After consulting Defendant, defense counsel clarified Defendant's statement and informed the court that Defendant was referring to his feeling that his drug addiction was controlling his actions, not that a specific individual was forcing him to enter a guilty plea. Defendant attested that this is what he meant by his statement. Based on his attestation, the district court found that Defendant had not been forced or coerced into entering into a guilty plea.
Despite informing Defendant that a guilty plea would allow the court to impose the maximum sentence allowable under the law, the district court failed to inform Defendant of the sentencing range or maximum fine for violation of La. R.S. 40:967(F)[6] and 40:966(A)[7] . Although the waiver of constitutional rights form signed and initialed by Defendant states the maximum sentence imposed for count one, it failed to provide the maximum sentence amount or the sentencing range for count two, possession with intent to distribute marijuana. This Court has held that prior to accepting a guilty plea, the court must personally inform the defendant of the nature of the charge to which the plea is offered, any mandatory minimum penalty, and the maximum possible penalty. See La. C.Cr.P. art. 556.1(A)(1) ; State v. Kent , 15-323 (La. App. 5 Cir. 10/28/15), 178 So.3d 219, 229, writ denied 15-2119 (La. 12/16/16), 211 So.3d 1165. However, the district court informed Defendant of the actual sentence he would receive if the court accepted his plea.[8] Subsection "E" of La. C.Cr.P. art. 566.1 states "any variance from the procedures required by this Article which does not affect substantial rights of the accused shall not invalidate the plea." Furthermore, this Court has held that an advisement of the agreed upon sentence is sufficient for compliance with La. C.Cr.P. art. 556.1. State v. Faggard , 15-585 (La. App. 5 Cir. 1/13/16), 184 So.3d 837, 847, writ denied , 16-338 (La. 2/10/17), 215 So.3d 701 ; State v. Craig , 10-854 (La. App. 5 Cir. 5/24/11), 66 So.3d 60, 64. Thus, the district court's failure to inform Defendant *1289 of the sentencing range would not invalidate his guilty plea since Defendant was informed of his actual sentence should he plead guilty.
After a thorough colloquy with defendant, the district court accepted Defendant's guilty plea as knowingly and voluntarily made. Defendant was sentenced to 18 years in the Department of Corrections as to count one (possession of cocaine in excess of 28-200 grams) and 18 years in the Department of Corrections as to count two (possession with intent to distribute marijuana), to run concurrent with each other, case 15-4259, and "any other time imposed." Although the district court's commitment of Defendant to the Department of Corrections appears contrary to La. R.S. 40:967(F) and 40:966(A), which requires the violator be sentenced to hard labor, this Court has held that imprisonment in the Department of Corrections is imprisonment at hard labor. See State v. Baptiste , 16-316 (La. App. 5 Cir. 12/14/16), 209 So.3d 321. Defendant was also ordered to comply with the schedule of fines, fees, sentencing provisions, and probation requirements and was recommended for substance abuse and self-help programs offered by the Department of Corrections.
Immediately following this initial sentencing, the state filed a Multiple Offender Bill of Information against Defendant. Defendant acknowledged reviewing the bill of information with his attorney, that he was informed of the rights he would forfeit and maintain in pleading guilty, and was informed that as a multiple offender, his sentence could range between 15 and 60 years under La. R.S. 15:529.1. The district court then informed Defendant that his sentence would be eight years hard labor, concurrent with count two, with credit for time served and with all other time imposed.[9] However, the district court, upon accepting Defendant's guilty plea and finding that it was knowingly, intelligently, freely, and voluntarily made, sentenced Defendant to 18 years hard labor, to run concurrently with count two and any or all other time imposed. The court further granted Defendant credit for time served, recommended him for substance abuse and self-help treatments available through the Department of Corrections, and ordered him to comply with the schedule of fines, fees, sentencing provisions and probation requirements.
There is a noted discrepancy between the potential and actual detainment period stated by the district court during the plea colloquy and subsequent sentencing. Although the court initially informed Defendant he would receive eight years hard labor prior to accepting his plea, the court subsequently sentenced Defendant to eighteen-years hard labor. However, the record reflects that Defendant was fully aware of the eighteen year sentence he was to receive prior to pleading guilty. During the plea colloquy, he was correctly informed by the court that his sentence as a habitual offender under La. R.S. 15:529.1 would fall between 15 and 60 years, which is above the eight years mentioned by the court. Defendant initialed and provided his signature on the waiver of rights form that clearly states that, as a second offender, Defendant would be sentenced to 18 years hard labor to run concurrent with count two and credit for time served. Furthermore, Defendant failed to raise any objections to his sentence during the proceedings. It is clear that Defendant was aware that he would be sentenced to eighteen years at hard labor and not eight years at hard labor.
This Court has consistently interpreted La. C.Cr.P. art. 881.2 as precluding defendants from seeking review of an enhanced sentences to which the defendant agreed *1290 and sentences imposed in conformity with a plea agreement set forth in the record at the time of the plea. See State v. Williams , 12-299 (La. App. 5 Cir. 12/11/12), 106 So.3d 1068, 1075, writ denied , 13-109 (La. 6/21/13), 118 So.3d 406 ; State v. Washington , 05-211 (La. App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. Since Defendant's sentence is within the sentencing range set forth in the statutes, and is beneficial to him we find that the district court's statement is not a reversible error for appeal.
Upon a review of the record, we find no non-frivolous issues for appeal. Defendant's appointed counsel has adequately shown review and analysis of the record in this case. Our independent review of the record confirms counsel's assertions set forth in the Anders brief. Accordingly, counsel's request to withdraw as counsel of record is granted.
ERRORS PATENT
Defendant requests an errors patent review of his convictions and sentences. This Court routinely reviews an appellate record for errors patent in accordance with La. C.Cr.P. art. 920 ; State v. Oliveaux , 312 So.2d 337 (La. 1975) ; and State v. Weiland , 556 So.2d 175 (La. App. 5th Cir. 1990), regardless of whether a defendant requests an errors patent review. Upon review, the following errors patent were identified.[10]
A discrepancy exists between the minute entry, the Uniform Committee Order ("U.C.O."), and the transcript involving the concurrent nature of Defendant's sentences. When there is a discrepancy between the minute entry and the transcript, the transcript generally prevails. State v. Lynch , 441 So.2d 732, 734 (La. 1983). The transcript provides that Defendant's sentences are to run "concurrently with the other case (15-4259) as well as any other time imposed;" however, the U.C.O. and the minute entry provide that Defendant's sentences are to run concurrently with "any and all other sentences Defendant may be currently serving." Thus, the transcript provides ambiguity regarding the consecutive nature of Defendant's sentences, in that the term "imposed" in the transcript may be interpreted in a manner broader than what the district court intended. Specifically, the use of "imposed" may be construed to mean that each of Defendant's sentences are to run concurrent with the other imposed during that specific proceeding or it may provide an interpretation similar to that of the minute entry and U.C.O. in allowing Defendant's sentences to run concurrent with any sentence Defendant is currently serving. Therefore, we remand the matter to the 24th Judicial District Court and order the trial court to clarify the Defendant's commitment as to the concurrent nature of Defendant's sentences.
Furthermore, under the initial plea agreement, Defendant should have been charged under La. R.S. 40:966(B) with a fine of not more than fifty thousand dollars and under La. R.S. 40:967(F)(1)(A) with a fine of not less than fifty thousand dollars, nor more than one hundred fifty thousand dollars; however, the court imposed only a $500 dollar fine pursuant to the schedule of fines and fees. The district court further failed to distinguish to which violation the fine was being applied. We point out that the Schedule of Fines, Fees, Sentencing Provisions & Probation Requirement charges Defendant with a $500 dollar fine in relation to La. R.S. 40:967(F), possession of cocaine in excess of 28 to 200 grams. However, this sentence was later *1291 vacated by the district court and Defendant was sentenced under the Habitual Offender statute which does not impose fines on offenders. If this fine is to apply to La. R.S. 40:966(A), there is nothing in the record that indicates that this fine was in connection with Defendant's pleading guilty to that crime. Therefore, there is nothing in the record that provides clarity as to how the district court applied the $500 dollar fine imposed on the defendant.
This ambiguity existed under the initial sentencing agreement, in that the fine imposed not only failed to meet the sentencing guidelines established under the law but was also ambiguous as to which crime it applied; therefore, the district court either failed to apply a mandatory fine against one violation or imposed an illegally lenient sentence in another. Since the original sentence as to count one was vacated, and La. C.Cr.P. art. 15:529.1 does not provide for the imposition of a fine on resentencing, we conclude that the district court's imposition of the $500 dollar fine was imposed on count two (possession with intent to distribute marijuana). Our conclusion is further supported by the fact Defendant was not informed during the multiple offender colloquy or on the multiple offender waiver of rights form that he would have to comply with the schedule of fines and fees.
Under La. C.Cr.P. art. 882, this court has the authority to correct an illegally lenient sentence. However, this authority is permissive rather than mandatory. State v. Jordan , 02-820 (La. App. 5 Cir. 12/30/02), 836 So.2d 609, 614. Where the defendant is indigent this Court has often declined to exercise our authority to correct illegally lenient sentences agreed upon as part of a plea bargain. See State v. Campbell , 08-1226 (La. App. 5 Cir. 5/26/09), 15 So.3d 1076. See also State v. Grant , 04-341 (La. App. 5 Cir. 10/26/04), 887 So.2d 596, 598 ; State v. Shelby , 16-634 (La. App. 5 Cir. 3/15/17), 215 So.3d 944.
In the present case, it appears Defendant is indigent. He is represented by the Louisiana Appellate Project, which provides appellate services for indigent criminal defendants in non-capital felony cases.[11] Additionally, Defendant's sentence is a result of a guilty plea. La. C.Cr.P. art. 890.1(A)(1) states:
(A) Notwithstanding any other provision of law to the contrary, if a felony or misdemeanor offense specifies a sentence with a minimum term of confinement or a minimum fine, or that the sentence shall be served without benefit of parole, probation, or suspension of sentence, the court, upon conviction, in sentencing the offender shall impose the sentence as provided in the penalty provisions for that offense, unless one of the following occurs:
(1) The defendant pled guilty pursuant to a negotiated plea agreement with the prosecution and the court, which specifies that the sentence shall be served with benefit of parole, probation, or suspension of sentence or specifies a reduced fine or term of confinement.
Since the fee imposed on Defendant appears to be in connection with his plea agreement and the Defendant is indigent, we refrain from exercising our authority in this matter.
Our last finding of error patent involves the district court's failure to inform Defendant of the ten-year prohibition on seeking probation or suspension of sentence if he were found to have violated La R.S. 40:966(A). Defendant pled guilty under La. R. S. 40:966(A). However, subsection *1292 (B)(1) states that a violation of subsection A requires at least ten years of a defendant's sentence be served without the benefit of probation or suspension of sentence.[12] The district court failed to apply this portion of the law to Defendant's sentence. Although the district court vacated Defendant's sentence as to count one and sentenced him under the Habitual Offender statute, it preserved his sentence as to count two. Therefore, Defendant should have been notified that a conviction under La. R.S. 40:966(A) required at least a ten-year period during which Defendant would not have the benefit of probation or suspension of sentence.
Under La. C.Cr.P. art 890.1, a defendant is provided a means via the plea agreement by which he or she may seek a waiver of a mandatory sentence which prohibits probation or a suspension of sentence; however, the law provides that this benefit afforded to the defendant must be specified. The record does not reflect that Defendant pled guilty under La. C.Cr.P. art. 890.1, thereby waiving the minimum mandatory sentence of ten-years without the benefit of probation or suspension of sentence upon a conviction of violating La. R.S. 40:966(A). Furthermore, at no point was Defendant informed that under the plea agreement he would receive the benefit of probation or a suspension of his sentence. Therefore, we find that the restrictive provision of La. R.S. 40:966(B) is self-activating thus making corrective action unnecessary. See La. R.S. 15:301.1(A) ; State v. Williams , 00-1725 (La. 11/28/01), 800 So.2d 790, 799 ; and State v. McKenzie , 09-893 (La. App. 5 Cir. 2/15/11), 61 So.3d 54, 61.
DECREE
For the aforementioned reasons, we affirm Defendant's convictions and sentences, remand the case for correction of the record in accordance with our findings on errors patent review, and grant appellate counsel's motion to withdraw as counsel of record.
CONVICTIONS AND SENTENCES AFFIRMED; REMANDED FOR CORRECTION OF THE UNIFORM COMMITMENT ORDER; MOTION TO WITHDRAW GRANTED;

During the May 4, 2016, competency hearing, Dr. Richard Richoux, a forensic psychiatrist, was questioned about the results of his and Dr. Rafael Salcedo's competency evaluation of Defendant on October 21, 2015. Dr. Richoux noted that although Defendant mentioned some issues with substance abuse, neither Dr. Richoux nor Dr. Salcedo found any active symptoms which would prevent Defendant from assisting his counsel or understanding the proceedings. However, Dr. Richoux noted that his examination of Defendant was, at that time, six months old and had no bearing on Defendant's current mental state or competency.

The parties stipulated that the examining psychiatrist and psychologist were experts, would testify that they examined Defendant to determine whether or not he was competent to proceed to trial, and that their recommendation to the court was that Defendant be found competent to proceed.

Defendant was to pay $1,417.50.

The district court cited prematurity Defendant's ability to seek an out-of-time appeal under La. C.Cr.P. 930.8(A).

On May 16, 2018, this Court granted Defendant's writ application for the limited purpose of remanding the matter to the district court with instructions to consider Defendant's APCR as a request for an out-of-time appeal.

La. R.S. 40:967(F)(1)(A) provides:
Any person who knowingly or intentionally possesses twenty-eight grams or more, but less than two hundred grams, of cocaine or of a mixture or substance containing a detectable amount of cocaine or of its analogues as provided in Schedule II (A)(4) of R.S. 40: 964, shall be sentenced to serve a term of imprisonment at hard labor of not less than five years, nor more than thirty years, and to pay a fine of not less than fifty thousand dollars, nor more than one hundred fifty thousand dollars. (Emphasis added).

La. R.S. 40:966(B) provides:
A person who violates Subsection A of this Section with respect to:
(1) Except as otherwise provided in Paragraph (4) of this Subsection, a substance classified in Schedule I that is a narcotic drug (all substances in Schedule I preceded by an asterisk "*"), upon conviction shall be sentenced to imprisonment at hard labor for not less than ten nor more than fifty years, at least ten years of which shall be served without benefit of probation or suspension of sentence, and may, in addition, be required to pay a fine of not more than fifty thousand dollars. (Emphasis added).

La. C.Cr.P. art. 556.1(A)(1) provides that a court must, prior to accepting a plea of guilty or nolo contendere, inform the defendant of "the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law."

This misstatement will be discussed later under errors patent.

Though the trial judge sentenced Defendant to imprisonment in the Department of Corrections, rather than to imprisonment at hard labor as required by the pertinent penalty statutes, this Court deems such a sentence necessarily at hard labor. See State v. Baptiste , supra .

State v. McGee , 09-102 (La. App. 5 Cir. 9/29/09), 24 So.3d 235, 242.

The imposed fine of $1417.50 is below the maximum 50,000 dollars imposable.