FREDERICKA HOMBERG WICKER, Judge.
|2Pefendant, James E. Augustine, appeals his convictions and sentences for possession with intent to distribute cocaine in violation of La. R.S. 40:967[1] Defendant’s appointed counsel has filed an appellate brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and further filed a motion to withdraw as counsel of record. For the following reasons, we affirm the defendant’s convictions and sentences, grant counsel’s motion to withdraw, and remand the matter to the district court for correction of the commitment.

STATEMENT OF THE CASE

On April 29, 2013, the Jefferson Parish District Attorney filed a bill of information charging defendant, James E. Augustine, with two counts of distribution of cocaine in violation of La. R.S. 40:967(A) (counts one and two). ' Defendant eventually entered into a plea agreement and, in exchange for his plea |sof guilty, was sentenced to fifteen years imprisonment at hard labor on each count to run concurrently with each other.
Subsequently, defendant filed a “Motion for Extension for Appeal” requesting an out-of-time appeal. The trial court denied defendant’s request for an out-of-time appeal on February 12, 2014. On June 3, 2014, defendant filed a pro se writ application with this Court, which was granted for limited purpose on June 16, 2014. In its writ disposition, this Court vacated the trial court’s denial of defendant’s out-of-time appeal and remanded the matter for the trial court to consider defendant’s motion as an application for post-conviction relief seeking an out-of-time appeal. On July 9, 2014, the trial court granted defendant’s motion for out-of-time appeal and appointed the Louisiana Appellate Project to represent defendant in this appeal.

FACTS

Defendant pled guilty without proceeding to a full trial. The record reflects that the bill of information charged defendant with distribution of cocaine. At the beginning of the guilty plea colloquy, defense counsel stated that defendant was pleading guilty to “the charges outlined in the Bill” and, in its factual basis, the State asserted that “Defendant knowingly and intentionally distributed cocaine.” Defendant agreed that he committed the crime as described by the State. In addition, the minute entry/commitment reflects that defendant pled guilty to “Distribution of CDS II to-wit: Cocaine.”
However, the waiver of rights form reflects that defendant was pleading guilty to possession with intent to distribute cocaine. Moreover, during the colloquy of the guilty pleas, the trial judge repeatedly stated that defendant was pleading guilty to “possession with the intent to distribute cocaine,” and the judge accepted defendant’s guilty pleas as having been knowingly and voluntarily made.

J¿DISCUSSION

Under the procedure set forth in State v. Benjamin, 573 So.2d 528, 530 (La.App. 4 Cir.1990), defendant’s appointed appellate counsel has filed an Anders brief pursuant to Anders v. California, 386 U.S. 738, 87 *1126 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241, 242 (per curiara), asserting that she has thoroughly reviewed the trial court record and could find no non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests to withdraw as counsel of record.
In Anders, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds the case to be wholly frivolous after a conscientious examination of it. In State v. Jyles, the Louisiana Supreme Court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” Jyles, 704 So.2d at 241. An appellate court must conduct an independent review of the trial court record to determine whether the appeal is wholly frivolous. “When counsel files an Anders brief, an appellate court reviews several items: a) the Bill of Information to ensure that the charge is proper, b) all minute entries to ensure that defendant was present at all crucial stages of the prosecution, c) all pleadings in the record, and d) all transcripts to determine whether any ruling of the trial court provides a basis for appeal.” State v. Dufrene, 07-823 (La.App. 5 Cir. 2/19/08), 980 So.2d 31, 33.
If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any ilegal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. Id.
In this case, appointed appellate counsel’s brief demonstrates that after a detailed review of the record, counsel could find no non-frivolous issues to raise on appeal. The state agrees and urges this Court to grant defense counsel’s request to withdraw as counsel of record. An independent review of the record supports counsel’s assertion that there are no non-frivolous issues for appeal.
First, the bill of information properly sets forth the offenses charged and presents no non-frivolous issues for appeal. The bill of information plainly, concisely, and definitely states the essential facts constituting the offenses charged as well as sufficiently identifies defendant. See also generally La.C.Cr.P. arts. 464-466.
Second, the minute entries and commitment reflect that defendant appeared at each stage of the proceedings against him, including his arraignment, his guilty plea proceedings, and sentencing.
Further, defendant’s guilty plea agreement does not present any issues for appeal. Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. State v. McCoil, 05-658 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. As discussed below, that is not the case here. ' However, there is an issue of whether defendant pled guilty to the charged offense of distribution of cocaine or to the uncharged offense of possession with the intent to distribute cocaine that must be addressed first.
The record reflects that the bill of information charged defendant with distribution of cocaine. At the beginning of the colloquy of the guilty pleas, | r,defense coun *1127 sel stated that defendant was pleading guilty to “the charges outlined in the Bill” and, in its factual basis, the State asserted that “Defendant knowingly and intentionally distributed cocaine.” Defendant agreed that he committed the crime as described by the State. In addition, the minute entry/commitment reflects that defendant pled guilty to “Distribution of CDS II to-wit: Cocaine.”
However, the waiver of rights form reflects that defendant was pleading guilty to possession with intent to distribute cocaine.[2] Moreover, during the guilty plea colloquy, the trial judge repeatedly stated that defendant was pleading guilty to “possession with the intent to distribute cocaine,” and the judge accepted defendant’s guilty pleas as having been knowingly and voluntarily made.
La. R.S. 40:967(A) makes it unlawful to produce, manufacture, distribute, or dispense a Schedule II controlled dangerous substance (which includes cocaine). La. R.S. 40:967(A) also makes it illegal to possess with the intent to produce, manufacture, distribute, or dispense a Schedule II controlled dangerous substance. Although both distribution of cocaine and possession with the intent to distribute cocaine are prohibited by the same statute and subsection, they are separate and distinct crimes. See State v. Leonard, 11-363, p. 14 (La.App. 5 Cir. 11/15/11), 80-So.3d 535, writ denied, 12-14 (La.8/22/12), 97 So.3d 356. Similarly, possession with the intent to distribute cocaine is not a responsive verdict to the charge of distribution of cocaine.[3]
While there.are discrepancies regarding the bill of information, it is clear from his Boykin waiver and' the colloquy transcript that defendant pled guilty to |7possession with intent to distribute cocaine. Where there is a discrepancy between the transcript and the minute entry, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983). Therefore, we find that defendant pled guilty to possession with intent to distribute cocaine.
Though defendant pled guilty to an uncharged offense, this does not create an issue for appeal. A trial judge may accept a defendant’s knowing and voluntary guilty plea even if the plea is not responsive to that charged in the bill of information and the district attorney has not amended the bill of information to conform to the plea. State v. Jackson, 04-2863, pp. 14-15 (La.11/29/05), 916 So.2d 1015, 1023. Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. McCoil, 924 So.2d at 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. Id. None of these deficiencies are present here.
Defendant entered a free and voluntary guilty plea after properly being advised of *1128 his rights in accordance with Boykin. Although a nonresponsive guilty plea made without an amended bill might raise the concern that defendant did not understand the nature of the charges against him, in this case, the totality of the circumstances show otherwise. During the guilty plea colloquy and by the guilty plea form, defendant was informed of his right to a trial by jury or judge; the right to be presumed innocent until the State proves his guilt beyond a reasonable doubt; the right to force the State to call witnesses who under oath would have to testify against him at trial and to have defense counsel cross-examine each of those witnesses; the right to testify himself at trial if he chose to do so; the right to | ^remain silent if he chose not to testify and not have his silence held against him or considered as evidence of his guilt; the right to present any witnesses that would testify on his behalf and/or present evidence that would be favorable to him; and the right to appeal any verdict of guilty that might be returned against him at trial. Defendant also stated at the guilty plea hearing that he reviewed the guilty plea form with his attorney and that he understood the terms and conditions on the form; he was not suffering from any physical or mental impairment that would affect his competency to enter his guilty pleas; he could read, write, and understand the English language; he was satisfied with the way his attorney and the trial court handled his case. Defendant further stated that he understood the time delay to file a petition for post-conviction relief; he understood his right to an attorney to represent him if he could not afford one; and he believed it was in his best interest to plead guilty. Therefore, it appears that the transcript of the colloquy of the guilty pleas and the guilty plea form reflect that all constitutional requirements for accepting defendant’s guilty pleas were satisfied.
Finally, defendant’s sentences do not present any non-frivolous issues to be raised on appeal. The imposed sentences fall within the sentencing ranges prescribed by statute. See La. R.S. 40:967(B)(4)(b). Also, defendant was sentenced in conformity with a plea agreement. La.C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of his sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. The record reflects that defendant was sentenced in conformity with the plea agreement and further that defendant’s sentences fall within the prescribed statutory sentencing ranges.[4]
LUpon an independent review of the record, we find that the record supports counsel’s assertions that the pleadings and proceedings leading to defendant’s convictions do not present any non-frivolous issues for appeal. We further find that appellate counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal.

*1129
ERRORS PATENT

Defendant requests an error patent review. However, this Court routinely reviews the record for errors patent in accordance with La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990) regardless of whether defendant makes such a request. The record presents the following errors patent:
First, as discussed above, the colloquy transcript reflects that defendant pled guilty to possession with intent to distribute cocaine. However, the minute entry/commitment reflects that defendant pled guilty to “Distribution of CDS II to-wit: Cocaine.” Where there is a discrepancy between the transcript and the minute entry, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983). Accordingly, we remand this matter for correction of this error in the minute entry/commitment.
Second, the Uniform Commitment Order incorrectly reflects the date of the offenses as February 27, 2013. The record reflects that the offenses were | ^committed on January 17, 2013, and on February 4, 2013. Accordingly, we further order correction of this error in the Uniform Commitment Order.
Lastly, regarding the plea to the uncharged offense, we decline -to set aside a guilty plea that was voluntarily and intelligently made on a technicality. Distribution of cocaine and possession with intent to distribute cocaine have the same sentencing range. See La. R.S. 40:967(B)(4)(b). Both by the guilty plea colloquy and through the guilty plea form, defendant was advised that he faced a sentencing range of two to thirty years at hard labor with the first two years to be served without benefit of parole, probation, or suspension of sentence. Defendant was also advised that if his guilty pleas were accepted he would be sentenced to fifteen years imprisonment at hard labor on each count to run concurrent with the sentence of the other count and that the first two years would be served without benefit of parole, probation, or suspension of sentence. It appears that defendant made an advantageous plea bargain.

CONCLUSION

Accordingly, for the reasons provided herein, defendant’s convictions and sentences are affirmed and appellate counsel’s motion to withdraw as attorney of record is hereby granted. We remand this matter to the trial court for correction of errors patent in accordance with this opinion.

CONVICTIONS AND SENTENCES AFFIRMED; MOTION TO WITHDRAW GRANTED; REMANDED FOR CORRECTION OF THE COMMITMENT.

. As will be discussed fully below, defendant was originally charged with two counts of distribution of cocaine. While the bill of information charged defendant with distribution of cocaine, he pled guilty to possession with intent to distribute cocaine. See discussion, infra.

. Defendant's waiver of rights form reflects that defendant was pleading guilty to "pwit cocaine (2 cts), in violation of La. R.S. 40:967 A.” It is noted that “pwit” appears to refer to possession with intent but the guilty plea form does not mention "distribution.” However, as La. R.S. 40:967(A) does not include possession of cocaine, it appears that the guilty plea form refers to possession with the intent to distribute cocaine.

. The responsive verdicts for distribution of a controlled dangerous substance are: guilty, attempted distribution, possession, attempted possession, and not guilty. La.C.Cr.P. art. 814(A)(48).

. Furthermore, die sentencing range for distribution of cocaine and possession with intent to distribute cocaine are the same. See La. R.S. 40:967(B)(4)(b). During both the guilty plea colloquy and by the guilty plea form, defendant was advised that he faced a sentencing range of two to thirty years at hard labor with the first two years without benefit of parole, probation, or suspension of sentence. Defendant was also advised that if his guilty pleas were accepted he would be sentenced to fifteen years imprisonment at hard labor on each count to run concurrent with the sentence of the other count and that the first two years would be served without benefit of parole, probation, or suspension of sentence. It appears that defendant made an advantageous plea bargain.