CHAISSON, J.
Defendant, Zachary Hardouin, appeals his convictions and sentences for two counts of pornography involving juveniles under the age of thirteen. For the reasons that follow, we affirm defendant's convictions and sentences, and we further grant *797 appellate counsel's motion to withdraw as attorney of record for defendant.
PROCEDURAL HISTORY
On April 2, 2015, the Jefferson Parish District Attorney filed a bill of information charging defendant with two counts of pornography involving juveniles under the age of thirteen, in violation of La. R.S. 14:81.1(E)(5)(a). Defendant pled not guilty at his arraignment.
On May 28, 2015, defendant withdrew his pleas of not guilty and, after being advised of his rights, pled guilty to both counts. In accordance with the plea agreement, the trial court thereafter sentenced defendant to ten years in the Department of Corrections[1] on each count. The sentences were ordered to be served without benefit of probation, parole, or suspension of sentence and to run concurrently with each other.
Subsequently, on June 14, 2017, in response to an application for post-conviction relief filed by defendant, the trial court granted him an out-of-time appeal.
ANDERS BRIEF
Under the procedure adopted by this Court in State v. Bradford , 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[2] appointed appellate counsel has filed a brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles , 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam ), appointed appellate counsel requests permission to withdraw as attorney of record for defendant.
When conducting a review for compliance with Anders , an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. State v. Bradford , 676 So.2d at 1110.
In this case, defendant's appellate counsel has complied with the procedures for filing an Anders brief. She sets forth the procedural history, the limited facts, and the circumstances surrounding defendant's guilty pleas and sentencing. Defense counsel notes that defendant was thoroughly advised of his rights and the consequences of his guilty pleas during the guilty plea hearing and in the waiver of rights form, and that the record supports the trial court's conclusion that defendant's guilty pleas were knowingly, intelligently, and voluntarily made.
Further, defense counsel thoroughly addresses any potential issues raised by defendant in the pro se post-conviction pleadings he filed in the district court. In particular, defense counsel notes that defendant complained he was not advised of the minimum sentence of ten years he could receive, but concluded his complaint was of no consequence to the validity of his guilty pleas because defendant was advised of the sentences he would receive and was sentenced in accordance with the *798 plea agreement to the minimum sentence of ten years. As to defendant's pro se contention that he was mentally ill at the time of the commission of the offenses, defense counsel suggests that any issue of mental illness was not brought before the trial judge. She also argues that defendant's allegation that he received ineffective assistance of counsel cannot be decided on the current record, but rather is more appropriately addressed through an application for post-conviction relief filed in the district court where a full evidentiary hearing can be conducted, if necessary.[3] Lastly, appellate counsel asserts that defendant cannot argue his sentences are excessive as he pled guilty pursuant to a plea agreement. Defendant's appellate counsel concludes that after a conscientious and thorough review of the record, she can find no non-frivolous issues to raise on appeal and no ruling of the trial court that arguably supports an appeal. Therefore, she requests permission to withdraw as attorney of record for defendant.[4]
This Court has performed an independent, thorough review of the pleadings, minute entries, bill of information, and transcripts in the appellate record. Our review of the record supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal.
We particularly note that the record reveals no constitutional infirmities or irregularities in defendant's guilty pleas that would render them invalid. The transcript of the guilty plea proceedings and the acknowledgment and waiver of rights form show that defendant was aware of the nature of the charges against him, that he was properly advised of his Boykin[5] rights, including the right to a jury trial, the right to confrontation, and the privilege against self-incrimination, and that he understood he was waiving these rights by pleading guilty. Further, defendant denied being forced, threatened, or coerced into entering his pleas.
With regard to his sentencing exposure, defendant was informed during the colloquy and in the waiver of rights form that he faced a maximum sentence of forty years, and that upon acceptance of his guilty pleas, he would be sentenced to ten years in the Department of Corrections without benefit of parole, probation, or suspension of sentence. We acknowledge, as did appellate counsel, that defendant was not advised of the mandatory minimum penalty set forth in La. R.S. 14:81.1(E)(5)(a). However, the trial court's failure to advise defendant of the mandatory minimum sentence does not affect the validity of defendant's guilty pleas since *799 defendant was in fact advised of the actual sentences he would receive pursuant to the plea agreement. This Court has held that an advisement of the agreed upon sentence is sufficient for compliance with La. C.Cr.P. art. 556.1.[6] State v. Craig , 10-854 (La. App. 5 Cir. 5/24/11), 66 So.3d 60, 64 ; State v. Faggard , 15-585 (La. App. 5 Cir. 1/13/16), 184 So.3d 837, 847, writ denied , 16-338 (La. 2/10/17), 215 So.3d 701.
With regard to defendant's sentences, La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. State v. Augustine , 14-747 (La. App. 5 Cir. 5/14/15), 170 So.3d 1123, 1128. In this case, the trial court sentenced defendant, in conformity with the plea agreement that was set forth in the record, to ten years in the Department of Corrections on each count to be served concurrently and without benefit of probation, parole, or suspension of sentence. Further, the plea agreement was beneficial to defendant in that he received a ten-year term of imprisonment when he could have received a forty-year term of imprisonment on each count. Finally, defendant's sentences fall within the prescribed statutory sentencing range and do not present any non-frivolous issues for appeal. See La. R.S. 14:81.1(E)(5)(a) ; La. R.S. 14:81(E)(1)(a).
We have also reviewed the record for errors patent and have found none that require corrective action. La. C.Cr.P. art. 920 ; State v. Oliveaux , 312 So.2d 337 (La. 1975) ; and State v. Weiland , 556 So.2d 175 (La. App. 5th Cir. 1990).
DECREE
Because appellate counsel's brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel's assertion, we affirm defendant's convictions and sentences, and we grant appellate counsel's motion to withdraw as attorney of record for defendant.
AFFIRMED; MOTION TO WITHDRAW GRANTED

This Court has held that when the trial judge states that the defendant is sentenced to the "Department of Corrections," the sentence is necessarily at hard labor. State v. Jamison , 17-49 (La. App. 5 Cir. 5/17/17), 222 So.3d 908, 909 n.2.

In Bradford , supra , this Court adopted the procedures outlined in State v. Benjamin , 573 So.2d 528, 530 (La. App. 4th Cir. 1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton , 95-981 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam ).

Defendant filed an application for post-conviction relief in the district court seeking to withdraw his guilty pleas and enter a plea of not guilty by reason of insanity. In his application, defendant asserted that at the time he committed the offenses, he suffered from "an episodic, undefined mental illness or disease" and "did not understand the gravamen of my plea arrangement and as such, was unable to give a knowing and intelligent waiver of my rights." Defendant also complained that his attorney refused to consider his claim that he suffered from mental illness at the time of the offenses. The district court dismissed relator's application for post-conviction relief as premature since defendant had not yet exhausted his appellate rights. Therefore, there is no ruling on these claims, and defendant has not filed a pro se brief challenging the validity of his guilty pleas based on his alleged mental illness. We note, however, that we agree with appellate counsel's assessment of these claims.

In addition, defendant was notified of his right to file a pro se supplemental brief in this appeal. As of this date, defendant has not filed a pro se brief.

See Boykin v. Alabama , 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

La. C.Cr.P. art. 556.1(A)(1) provides that, prior to accepting a guilty plea, the court must personally inform the defendant of the nature of the charge to which the plea is offered, any mandatory minimum penalty, and the maximum possible penalty. Further, La. C.Cr.P. art. 556.1(E) provides, "Any variance from the procedures required by this Article which does not affect substantial rights of the accused shall not invalidate the plea."