CHAISSON, J.
Defendant, Tyvon M. Turner, appeals his conviction and sentence for armed robbery. For the reasons that follow, we affirm defendant's conviction and sentence, and we further grant appellate counsel's motion to withdraw as attorney of record for defendant.
*1100 PROCEDURAL HISTORY
On January 6, 2016, the Jefferson Parish District Attorney filed a bill of information charging defendant with armed robbery, in violation of La. R.S. 14:64, while armed with a firearm as per La. R.S. 14:64.3. Defendant pled not guilty at his arraignment.
On April 25, 2016, defendant withdrew his not guilty plea and, after being advised of his rights, pled guilty to armed robbery.[1] In accordance with the plea agreement, the trial court sentenced defendant to fifteen years at hard labor without benefit of parole, probation, or suspension of sentence.[2] Defendant thereafter filed a motion to reconsider sentence, which was denied on August 2, 2016.
On June 19, 2017, the trial court granted defendant an out-of-time appeal.[3]
ANDERS BRIEF
Under the procedure adopted by this Court in State v. Bradford , 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[4] appointed appellate counsel has filed a brief asserting that he has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles , 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam ), appointed counsel requests permission to withdraw as attorney of record for defendant.
When conducting a review for compliance with Anders , an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. State v. Bradford , 676 So.2d at 1110.
In this case, defendant's appellate counsel has complied with the procedures for filing an Anders brief. He sets forth the procedural history of the case, the limited facts, and the circumstances surrounding defendant's guilty plea and sentencing. Appellate counsel particularly notes that defendant was advised of the constitutional rights he would be waiving by pleading guilty and freely waived these rights. He acknowledges that defendant was advised of the possible sentencing range, as well as the actual sentence that would be imposed upon the acceptance of his guilty plea, and that defendant was sentenced in accordance with the plea agreement.[5] Defendant's appellate counsel *1101 concludes that after a conscientious and thorough review of the appellate court record, he can find no non-frivolous issues to raise on appeal and no ruling of the trial court that arguably supports an appeal. Therefore, he requests permission to withdraw as attorney of record for defendant.[6]
This Court has performed an independent, thorough review of the pleadings, minute entries, bill of information, and transcripts in the appellate record. Our review supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal.
We particularly note that the record reveals no constitutional infirmity or irregularity in defendant's guilty plea that would render it invalid. The transcript of the guilty plea proceeding and the acknowledgment and waiver of rights form show that defendant was aware of the nature of the charge against him, that he was properly advised of his Boykin[7] rights, including the right to a jury trial, the right to confrontation, and the privilege against self-incrimination, and that he understood he was waiving these rights by pleading guilty. In addition, the record reflects that defendant was advised by the trial court and in the waiver of rights form of the potential sentencing range for the charged offense and of the actual sentence that would by imposed upon acceptance of his guilty pleas. Further, defendant indicated that he was satisfied with the manner in which his case was handled by his counsel and the court, and that he was not forced, coerced, or threatened into pleading guilty. After the colloquy with defendant, the trial court accepted his guilty plea as knowingly, intelligently, freely, and voluntarily made.
With regard to defendant's sentence, La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of his sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. State v. Augustine , 14-747 (La. App. 5 Cir. 5/14/15), 170 So.3d 1123, 1128. In this case, the trial court sentenced defendant, in conformity with the plea agreement that was set forth in the record, to fifteen years at hard labor without benefit of parole, probation, or suspension of sentence. Further, defendant's sentence falls within the sentencing range prescribed by the statute. See La. R.S. 14:64. Based on the foregoing, we find that defendant's guilty plea and the sentence imposed pursuant to the plea agreement do not present any issues for appeal.
Lastly, we have reviewed the record for errors patent and have found none that require corrective action. La. C.Cr.P. art. 920 ; State v. Oliveaux , 312 So.2d 337 (La. 1975) ; and State v. Weiland , 556 So.2d 175 (La. App. 5th Cir. 1990).
DECREE
Because appellate counsel's brief adequately demonstrates by full discussion and analysis that he has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel's assertion, we grant appellate counsel's motion to withdraw as attorney of record for defendant, and we affirm defendant's conviction and sentence.
*1102 AFFIRMED; MOTION TO WITHDRAW GRANTED

The State agreed not to invoke the firearm enhancement.

The trial court also ordered defendant to pay restitution to the victim in the amount of $552.00, as well as fines, fees, and costs.

Both the appellate record and the briefs filed with this Court indicate that defendant also pled guilty on August 25, 2016, to misdemeanor charges in other district court case numbers. However, this appeal pertains only to the armed robbery charge in 24th Judicial District Court case number 16-26.

In Bradford , supra , this Court adopted the procedures outlined in State v. Benjamin , 573 So.2d 528, 530 (La. App. 4th Cir. 1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton , 95-981 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam ).

During the guilty plea colloquy, the trial court advised defendant that upon acceptance of his guilty plea, he would be sentenced to seventeen years at hard labor without benefit of parole, probation, or suspension of sentence, which was the original sentencing offer by the State. However, during the course of the proceedings, the trial judge indicated that he wanted to sentence defendant to a lesser sentence of fifteen years because of defendant's cooperation and courteous nature. The State agreed to this reduced sentence, and the trial court thereafter sentenced defendant to fifteen years at hard labor without benefit of parole, probation, or suspension of sentence.

In addition, defendant was notified of his right to file a pro se supplemental brief in this appeal. As of this date, defendant has not filed a pro se brief.

See Boykin v. Alabama , 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).