STATE OF LOUISIANA

VERSUS

JOHN E. CARRIERE

NO. 19-KA-366

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 11-4837, DIVISION "G"
HONORABLE E. ADRIAN ADAMS, JUDGE PRESIDING


December 26, 2019


**STEPHEN J. WINDHORST**
**JUDGE**


Panel composed of Judges Jude G. Gravois,
Stephen J. Windhorst, and Hans J. Liljeberg


**AFFIRMED; REMANDED FOR CORRECTION OF THE UNIFORM**
**COMMITMENT ORDER; MOTION TO WITHDRAW GRANTED**
    **SJW**
    **JGG**
    **HJL**

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
     Paul D. Connick, Jr.
     Thomas J. Butler
     Darren A. Allemand

COUNSEL FOR DEFENDANT/APPELLANT,
JOHN E. CARRIERE
     Katherine M. Franks

**WINDHORST, J.**

Defendant, John Carriere, appeals his conviction and sentence for indecent behavior with a juvenile under the age of thirteen. For the reasons that follow, we affirm defendant's conviction and sentence and remand this matter with instructions. We also grant appellate counsel's motion to withdraw as attorney of record for defendant.

## PROCEDURAL HISTORY

On September 27, 2011, the Jefferson Parish District Attorney filed a bill of information charging defendant, John E. Carriere, with sexual battery of a juvenile under the age of thirteen in violation of La. R.S. 14:43.1. On December 19, 2011, defendant pled not guilty at his arraignment. Trial was scheduled for March 10, 2014, but defendant failed to appear and was at large for over four years before he was eventually apprehended.

Following defendant's apprehension, on March 15, 2019, the trial court granted the State's notice of intent to introduce evidence of defendant's flight. Jury selection occurred on April 15, 2019. Then, on April 17, 2019, the State amended the bill of information to charge defendant with indecent behavior with a juvenile under the age of thirteen in violation of La. R.S. 14:81(H)(2). On that same date, defendant withdrew his plea of not guilty, and after being advised of his Boykin[1] rights, pled guilty to the amended charge. In accordance with the plea agreement, the trial court sentenced defendant to fifteen years at hard labor with two years to be served without the benefit of parole, probation, or suspension of sentence. The trial court also advised defendant that he must comply with the sex offender registration and notification requirements.

---

[1] Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969).

Because defendant pled guilty, the facts underlying his conviction are not fully developed in the record. Nevertheless, the amended bill of information provides that on or between October 4, 2008 and October 28, 2009, in Jefferson Parish, defendant violated La. R.S. 14:81(H)(2) by committing the crime of indecent behavior with a juvenile under the age of thirteen (D.O.B. 7-29-1996). During the colloquy, the State set forth the following factual basis:

> Your Honor, with regard to our Bill as amended in case number 11- 4837, had this matter proceeded to trial, the State's evidence would have proven beyond a reasonable doubt, with competent witnesses and admissible evidence, that on or between October 4th the year 2008, and October 28th of the year 2009, in Jefferson Parish, Mr. Carriere committed a violation of Louisiana Revised Statute 14:81, and specifically, 14:81H(2); in that, he with the intention of arousing or gratifying the sexual desires of either party, committed a lewd and/or lacivious [sic] act upon the person or in the presence of a child who was under age seventeen, where the age difference between the two was greater than two years. We would specifically note that the victim in this case was younger than thirteen years of age at the time of the commission of that offense. And, as I indicated, Your Honor, that occurred in Jefferson Parish.

On May 10, 2019, defendant filed a timely motion for appeal, which was granted.

## *ANDERS* BRIEF

Under the procedure adopted by this Court in State v. Bradford, 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11, appointed appellate counsel has filed a brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241 (*per curiam*), appointed appellate counsel requests permission to withdraw as attorney of record for defendant.

When conducting an Anders review, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. If, after an independent review, the reviewing court determines there are

no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. State v. Bradford, 676 So.2d at 1110.

In this case, defendant's appellate counsel has complied with the procedures for filing an Anders brief. She sets forth the procedural history, the limited facts, and the circumstances surrounding defendant's guilty pleas and sentencing. Defense counsel notes that defendant was thoroughly advised of his rights and the consequences of his guilty pleas during the guilty plea hearing and in the waiver of rights form, and that the record supports the trial court's conclusion that defendant's guilty pleas were knowingly, intelligently, and voluntarily made. In addition, defense counsel states that defendant was sentenced in accordance with the plea agreement, including a recommendation that he be allowed to participate in any self-help programs available.

In response, the State agrees with defense counsel that there are no non-frivolous issues for appellate review and that defense counsel's brief shows a conscientious and thorough review of the procedural history of the case. Accordingly, the State concludes that defense counsel has conformed with and followed the procedures set forth in Anders and Jyles, *supra*, and the motion to withdraw should be granted.

This Court has performed an independent, thorough review of the pleadings, minute entries, bill of information, and transcripts in the appellate record. Our review of the record supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal.

The amended bill of information properly charged defendant and plainly and concisely stated the essential facts constituting the charged offense. It also sufficiently identified defendant and the crimes charged. La. C.Cr.P. arts. 464-466.

The record reveals no constitutional infirmities or irregularities in defendant's guilty pleas that would render them invalid. The transcript of the guilty plea proceedings and the acknowledgment and waiver of rights form show that defendant was aware of the nature of the charges against him, that he was properly advised of his Boykin rights, including the right to a jury trial, the right to confrontation, and the privilege against self-incrimination, and that he understood he was waiving these rights by pleading guilty. Further, defendant denied being forced, threatened, or coerced into entering his pleas.

With regard to his sentencing exposure, defendant was informed during the colloquy and in the waiver of rights form that a maximum sentence of twenty-five years at hard labor could be imposed, and that upon acceptance of his guilty pleas, he would be sentenced to fifteen years in the Department of Corrections without benefit of parole, probation, or suspension of sentence for at least two years. We acknowledge that defendant was not advised of the mandatory minimum penalty. However, the trial court's failure to advise defendant of the mandatory minimum sentence does not affect the validity of defendant's guilty pleas because defendant was in fact advised of the actual sentences he would receive pursuant to the plea agreement. This Court has held that an advisement of the agreed upon sentence is sufficient for compliance with La. C.Cr.P. art. 556.1. State v. Craig, 10-854 (La. App. 5 Cir. 5/24/11), 66 So.3d 60, 64; State v. Faggard, 15-585 (La. App. 5 Cir. 1/13/16), 184 So.3d 837, 847, writ denied, 16-338 (La. 2/10/17), 215 So.3d 701. Defendant also received a copy of the sex offender notification and registration statutes and acknowledged receipt thereof and of the fifteen-year term for which he was required to register.

With regard to defendant's sentences, La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. State v.

Augustine, 14-747 (La. App. 5 Cir. 5/14/15), 170 So.3d 1123, 1128. The trial court sentenced defendant, in conformity with the plea agreement that was set forth in the record, to fifteen years at hard labor with two years to be served without benefit of probation, parole, or suspension of sentence. Defendant's sentences fall within the prescribed statutory sentencing range and do not present any non-frivolous issues for appeal.

As is our routine practice, we have reviewed the record for errors patent pursuant to La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La. 1975); and State v. Weiland, 556 So.2d 175 (La. App. 5th Cir. 1990). A review of the record in this case reveals an error in the "State of Louisiana Uniform Commitment Order." The State of Louisiana Uniform Commitment Order (UCO) does not include as a "Sentence Condition" on the form that defendant shall comply with the Sex Offender Registration statute under La. C.Cr.P. art. 895 and La. R.S. 15:541, *et seq*. The trial court informed defendant that he was required to comply with the sex offender notification and registration requirements, and a written copy is included with the record. To ensure accuracy in the record, we remand this matter to the trial court to correct the UCO to reflect that defendant shall comply with the Sex Offender Registration statute. We further direct the Clerk of Court for the Twenty-Fourth Judicial District Court to transmit the original of the corrected UCO to the appropriate authorities in accordance with La. C.Cr.P. art. 892(B)(2) and the Department of Corrections' legal department. See State v. Long, 12-184 (La. App. 5 Cir. 12/11/12), 106 So.3d 1136, 1142.

## DECREE

Because appellate counsel's brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel's assertion, we affirm defendant's conviction and sentence.

We also remand this matter for correction of the UCO as set forth above, and grant

appellate counsel's motion to withdraw as attorney of record for defendant.

**<u>AFFIRMED; REMANDED FOR CORRECTION OF THE UNIFORM COMMITMENT ORDER; MOTION TO WITHDRAW GRANTED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **DECEMBER 26, 2019** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 19-KA-366

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE E. ADRIAN ADAMS (DISTRICT JUDGE)
TERRY M. BOUDREAUX (APPELLEE)          KATHERINE M. FRANKS (APPELLANT)          THOMAS J. BUTLER (APPELLEE)
DARREN A. ALLEMAND (APPELLEE)

**MAILED**
HON. PAUL D. CONNICK, JR. (APPELLEE)
DISTRICT ATTORNEY
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053